FILED

**NOT FOR PUBLICATION**

AUG 16 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| XIUYING ZHENG, | No. 12-71124 |
| Petitioner, | Agency No. A095-192-314 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 14, 2013[**]

Before: SCHROEDER, GRABER, and PAEZ, Circuit Judges.

Xiuying Zheng, a native and citizen of China, petitions pro se for review of

the Board of Immigration Appeals' ("BIA") order denying her motion to remand

and dismissing her appeal from an immigration judge's ("IJ") decision denying her

application for asylum, withholding of removal, and relief under the Convention

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Against Torture ("CAT"). Our jurisdiction is governed by 8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion to remand, *Movsisian v. Ashcroft*, 395 F.3d 1095, 1098 (9th Cir. 2005), and review for substantial evidence factual findings, *id.* at 1097. We deny in part and dismiss in part the petition for review.

The BIA did not abuse its discretion in denying Zheng's motion to remand based on ineffective assistance of counsel where Zheng failed to comply with the requirements set forth in *Matter of Lozada*, 19 I. & N. Dec. 637 (BIA 1988), and the alleged ineffectiveness is not plain from the record. *See Reyes v. Ashcroft*, 358 F.3d 592, 597 (9th Cir. 2004). We lack jurisdiction to review Zheng's unexhausted claim that the IJ erred in not granting her attorney's motion to withdraw. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004).

Zheng does not challenge the BIA's finding that she did not suffer past persecution. Substantial evidence supports the BIA's finding that Zheng did not establish a well-founded fear of persecution based on her claim that her two United States citizen children violate the family planning policy. *See Gu v. Gonzales*, 454 F.3d 1014, 1022 (9th Cir. 2006) (petitioner failed to show he would suffer harm rising to the level of persecution). We lack jurisdiction to review any contention

about new harm Zheng might face that she did not raise to the BIA. *See Barron*, 358 F.3d at 678.

Because Zheng failed to meet the lower burden of proof for asylum, it follows that she has not met the higher standard for withholding of removal. *See Zehatye v. Gonzales*, 453 F.3d 1182, 1190 (9th Cir. 2006).

Finally, substantial evidence also supports the BIA's denial of CAT relief because Zheng failed to establish that it is more likely than not she will be tortured by or with the acquiescence of the government of China. *See Silaya v. Mukasey*, 524 F.3d 1066, 1073 (9th Cir. 2008).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**